# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00768-CV

**Rita Mary Gause, Appellant**

**v.**

**Thomas X. Gause, Appellee**

**FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
NO. 2007V-291-A, HONORABLE GLADYS M. OAKLEY, JUDGE PRESIDING**

## O P I N I O N

Appellant, Rita Mary Gause, appeals from the summary judgment of the district court of Fayette County in a suit filed by appellee, Thomas X. Gause, to determine and enforce the terms of a lost *inter vivos* trust created by his father.

We first must determine the Court's jurisdiction to entertain the appeal. The summary judgment was signed on August 17, 2011. The parties later filed an agreed motion to sever. The order granting severance bears the signature date of March 6, 2012, and recites, in part, "This order also constitutes a final judgment against Defendant Rita Mary Gause in each of the above causes of action." The severance order was approved as to form by all counsel. On April 4, 2013, Rita filed a "Motion to Reform Judgment pursuant to TRAP 329(b)." The district court granted the motion to reform on May 20, 2013, and the notice of appeal was filed on June 19, 2013. From the face of the severance order, and from its terms, the judgment against Rita was final on March 6, 2012. Of course, all relevant time tables begin to run from the date the judgment is signed.

If the March 6, 2012 severance order was the final judgment, as it purports to be, the notice of appeal filed on June 19, 2013, was untimely and did not establish jurisdiction of this Court.

The Clerk of the Court wrote counsel concerning this issue. In response, the Clerk received an affidavit signed by the trial court explaining that it signed the severance order on March 6, 2013, but that the order was incorrectly dated March 6, 2012. The court explained further that the year "2012" was typed on the severance order and that the court overlooked the incorrect date when it signed the order on March 6, 2013. A court of appeals may determine facts, by affidavits, or otherwise, that are necessary to the proper exercise of its jurisdiction. *See* Tex. Gov't Code § 22.220(c). We accept the trial court's affidavit as jurisdictional evidence that supplies the basis for our authority to consider the appeal.

The summary judgment confirmed, among other things, the existence of the Survivor's Trust, (the Trust) established its terms, determined title to the trust property, and removed Rita as trustee. We will affirm the summary judgment.

By his suit, Thomas sought, among other things, to affirm the existence of the Trust established by his father, Leonard Lucian Gause, Jr. In 1945, Leonard, Jr. purchased a 105-acre tract of land in Fayettte County consisting of two parcels: one containing 95 acres and the other 10 acres. This property is the principal asset of the Trust. In 1946, Leonard, Jr. married Rita. Seven children were born of the marriage, including Thomas, Brendan, and Jeanette.

Thomas claimed that the principal terms of the Trust were as follows:

a.      The assets of the Survivor's Trust included Leonard Jr.'s one-half undivided interest in the 95 acre tract out of the original Property.

b.      The 10 acre tract was to be transferred to Leonard Jr.'s son, Brendan Gause ("Brendan") for Brendan's exclusive use and enjoyment.

c.      The 95 acre tract was to be held in Trust by Rita, as Trustee, for Rita's benefit, well-being, and maintenance (including the power to sell, transfer, and consume same during Rita's lifetime) and upon the death of Rita the remaining trust assets were to be distributed equally to four of the Gause children, Thomas, John, Patricia, and Elizabeth.

Leonard, Jr. did not include three of his children as beneficiaries of the Trust either because they had received *inter vivos* gifts or had expressed no interest in the land. In 1992, Leonard, Jr. executed a holographic will in which he referred to and adopted by reference the Trust.

Leonard, Jr. died in 1998. He kept his will and the trust instrument in his briefcase. Two days after his death, Jeannette took the briefcase and, having read the will and the trust instrument to Rita and the other children, took the briefcase and its contents to her home in Bellaire, Texas. The trust instrument has not been seen since. Rita was of the view that Jeanette intentionally lost or destroyed the trust instrument.

By 2000, Rita, who was in poor health, stayed with Jeanette for some time while she sought medical attention in Houston. During this time, Jeanette prevailed upon Rita to convey the entire Fayette County property to her in fee for a nominal consideration.

A few months later, Rita sued Jeanette in Fayette County to cancel the deed to the property. Upon trial, judgment was rendered sustaining the Trust and cancelling the deed to Jeanette. The judgment reestablished title to the property: 50% interest to Rita, individually, and 50% interest to Rita, as Trustee for the Trust.

In May 2002, Rita executed a deed purporting to convey the entire Fayette County property to Brendan for a nominal consideration. In 2007, when the beneficiaries of the Trust learned of the conveyance of the property to Brendan, Thomas filed the present suit.

On appeal Rita claims that the district court erred in determining the existence and terms of the Trust, a lost document, based upon parol evidence. Rita's contention is not well taken.

A deed or other document is not made ineffective by its destruction or loss. *Bennett v. Romos*, 252 S.W.2d 442, 445 (Tex. 1952) ("That the loss or destruction of a valid deed does not reverse or invalidate the transfer of title made by the deed is, of course, well settled."); *Lott v. Van Zandt*, 107 S.W.2d 761, 765 (Tex. Civ. App.—Amarillo 1937, no writ). Production of the original document is excused when it is established that the document has been lost or destroyed. *Travis Cty. Water Control & Improvement Dist. No. 12 v. McMillen*, 414 S.W.2d 450, 452–53 (Tex. 1966). Other evidence of the contents of a writing is admissible if the original has been lost or destroyed. Tex. R. Evid. 1004(a). Loss or destruction of the document is established by proof of search for this document and inability to find it. *McMillen*, 414 S.W.2d at 453.

The existence and terms of the Trust were established in the present suit by Rita's sworn proof in the prior deed-cancellation case against Jeanette. Loss of the trust document and inability to locate either the original or a copy is acknowledged by Rita in her brief. Likewise, such facts are reflected by her sworn proof and that of Brendan in the deed-cancellation case against Jeanette. The Trust document was last seen in the possession of Jeanette who attempted to obtain the total acreage for a nominal consideration free of the trust provisions.

It is true, as Rita implies in her brief, that the statute of frauds requires one seeking to enforce a purported trust in real property to present "written evidence of the trust's

4

terms bearing signature of the seller or the seller's authorized agent." Tex. Prop. Code § 112.004. However, section 112.004 does not remove trust instruments from the operation of general rules relating to the proof of lost documents. *See In re Estate of Berger*, 174 S.W.3d 845, 847 (Tex. App.—Waco 2005, no pet.) (citing *McMillen*, 414 S.W.2d. at 452).

Rita next contends that the district court erred in rendering summary judgment based upon controverted parol proof of the existence and terms of the Trust. In response, Thomas argues that Rita is barred by the doctrine of judicial estoppel from asserting summary-judgment proof inconsistent with her sworn proof in the prior deed-cancellation suit against Jeanette.

In her prior deed-cancellation suit, Rita asserted in her verified petition:

> "On November 21, 1998, Leonard L. Gause, Jr. died. He left a valid will, dated January 25, 1992 (the "Will"), in which he bequeathed his entire interest in the Property (as well as various other property) to Plaintiff [Rita], as Trustee of a trust known as the "Survivor's Trust" and apparently dated April 6, 1985."
>
> . . . .
>
> "Plaintiff [Rita] submits that the Trust, among other things, provided that the 10 acre tract of the Property was to be conveyed to Brendan Gause. Moreover, the Trust provided Plaintiff with full power, right, control and authority over the income and remaining assets in the Trust (including the power to sell, transfer, convey and consume any and/or all of those assets during her lifetime, for her well-being and maintenance), and that upon Plaintiff's death, the balance (if any) of the remaining Trust assets (including the 95 acre tract of the Property) were to be distributed equally between John Gause, Patricia Gause Spaeth, Thomas Gause, and Elizabeth Gause."

Rita testified in the deed-cancellation suit as to the existence and terms of the Trust. She also swore that she helped "write up" and type the Trust.

5

In the present suit, Rita executed an abrupt about-face, testifying on deposition that she did not remember anything about the Trust. In her affidavit filed with her response to the motion for summary judgment, she swore that she had no memory of the Trust and that she had never read it. She also claimed that her understanding of her husband's estate disposition plans came from family discussions over the years.

Rita's sworn proof regarding the existence and terms of the Trust was, to say the least, inconsistent. As aptly stated in Thomas's brief, Rita's testimony "varied wildly depending on whether the existence of the Survivor's Trust promoted or detracted from Rita's then current legal position." Judicial estoppel prevents a party who has made a sworn statement in a prior judicial proceeding from maintaining a contrary position in a subsequent proceeding. *Charles Brown, L.L.P. v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 898–99 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see Miller v. Gann*, 842 S.W.2d 641, 641 (Tex. 1992) ("The applicability of judicial estoppel is not limited to oral testimony, but applies with equal force to any sworn statement—whether oral or written—made in the course of a judicial proceeding."). Accordingly, Rita is barred from asserting any summary-judgment proof inconsistent with her proof in the prior deed-cancellation suit establishing the existence and terms of the Trust.

Rita asserts, finally, that the district court erred in denying her special exception to Thomas's motion for summary judgment. In paragraph 19 of his motion for summary judgment, Thomas made reference to a letter from Judge Beck, the former district judge, addressed to the counsel. The court wrote the letter several months after it had denied Thomas's initial motion for summary judgment. The letter reads as follows:

Dear Counselors:

It "appears" that the property is separate and that the community has an "interest" in the property. "Appears" and "interest" are in quotes because of uncertainty on my part. The uncertainties can be resolved by presentation of facts or stipulations hereto.

Mr. Steinhauser's arguments about the trust tugged at every practical bone in my body; however, estoppel issues kept coming back. Equitably, for certain and legally, I believe, that Rita and Brendan Gause are estopped.

The property may be consumed as payment for Ms. Gause's care. However, consumption must be reasonable, equitable; and proportional. Facts will assist in those determinations.

In general, a trial court's letter is not competent evidence of the court's basis for judgment, and, in the proper case, is not a finding of fact or conclusion of law. *See Cherokee Water Co. v. Gregg Cty. Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex. 1990). In paragraph 19 of his motion for summary judgment, Thomas referred to the content of Judge Beck's letter as a "ruling" on estoppel and on the separate nature of the real property. However, as is apparent, Judge Beck merely offered his thoughts and observations about the case, but "ruled" on nothing.

Assuming for argument that special exception is the appropriate procedure to address the perceived problem in paragraph 19, and assuming for argument that the district court erred in denying it, Rita has not demonstrated harm. In fact, she admits in her brief that the Beck letter formed no part of Judge Oakley's order of summary judgment rendered some two years later. In the absence of a showing of injury resulting from the denial of a special exception, the trial court's ruling will not be disturbed. *See Tucker v. Northcutt*, 248 S.W.2d 750, 753 (Tex. Civ. App.—Waco 1952, writ ref'd); *see also* Tex. R. App. P. 44.1 (reversible error); *Slentz v. American Airlines, Inc.*, 817 S.W.2d 366, 368 (Tex. App.—Austin 1991, writ denied) ("The trial court has broad discretion

7

in ruling on special exceptions, and the ruling will not be disturbed on appeal absent an abuse of discretion resulting in harm.").

The judgment is affirmed.


_____

Bob E. Shannon, Justice

Before Justices Puryear, Bourland, and Shannon*

Affirmed

Filed:   July 29, 2016


\*  Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).