**AFFIRMED; Opinion Filed December 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01023-CV

**GEORGE BRYANT, Appellant**
**V.**
**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND KRISTEN**
**WINKLER, Appellees**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-01385-E**

## MEMORANDUM OPINION
Before Justices Myers, Evans, and Brown
Opinion by Justice Myers

This case involves extra-contractual claims by an insured against his insurer and claims adjuster concerning uninsured/underinsured motorist (UIM) insurance coverage. George Bryant appeals the summary judgment in favor of Progressive County Mutual Insurance Co. and its claims adjuster, Kristen Winkler. Bryant brings one issue on appeal contending the trial court erred by (1) denying his motion to compel discovery and for continuance and by granting appellees' motion for protection from discovery; (2) denying Bryant's special exceptions to appellees' motion for summary judgment; (3) overruling Bryant's objections to appellees' summary judgment evidence; and (4) granting appellees' motion for summary judgment. We affirm the trial court's judgment.

# BACKGROUND

On April 14, 2013, Bryant was involved in an accident with Anthony Warlow and suffered physical injury. Warlow did not have automobile insurance. Bryant had an automobile insurance policy with Progressive, and the policy included UIM coverage with a policy limit of $100,007. Progressive tried to contact Bryant after receiving notice of the claim, and it sent a letter to Bryant's attorney ten days after the accident.

On April 24, 2014, Progressive offered to settle Bryant's UIM claim for $15,294, but Bryant rejected the offer. On July 31, 2014, Progressive offered Bryant $16,000, but he rejected that offer and demanded the policy limits for UIM coverage.

On October 14, 2014, Bryant filed suit against Progressive and Winkler asserting coverage on the UIM provisions of the policy and extra-contractual common-law bad-faith claims and violations of the Texas Insurance Code. On January 21, 2015, the trial court granted the parties' agreed motion to sever the UIM coverage claim from the bad-faith and insurance code claims and abated the bad-faith and insurance code claims until after the judgment in the UIM coverage case became final.

In January 2015, Progressive offered Bryant $25,000 to settle the UIM coverage case, but Bryant rejected that amount. On July 22, 2015, Bryant informed Progressive that his medical expenses were $18,346.15 and his lost wages were $18,721. Bryant told Progressive that its $25,000 offer was $10,000 less than his medical expenses and lost wages and provided no money for his physical pain and mental anguish. On August 10, 2016, the week before trial, Progressive offered $40,000, but Bryant rejected the offer and continued to demand the policy limits of $100,007.

Before trial, the trial court granted Bryant's motion for summary judgment, concluding that Warlow was an uninsured driver. The case was tried before a jury in August 2016. During the

trial, Progressive stipulated that Warlow caused the accident. Bryant argued to the jury that his medical expenses were $6,244.39, approximately half of what he demanded for medical expenses in 2015, and that his lost wages were $12,221.04, which was about two-thirds of what he demanded in 2015. The jury found Bryant's damages from the accident were $74,965.43 consisting of: medical expenses of $6,244.39; loss of earning capacity of $12,221.04; pain, suffering, and mental anguish of $30,000; and physical impairment of $26,500. On September 21, 2016, the trial court signed the judgment for the damages found by the jury and pre-judgment interest. On October 14, 2016, Progressive delivered a check to Bryant's attorney for $89,473.90, which was the full amount of the judgment plus accrued interest.

On December 9, 2016, the trial court removed the abatement order in this case, and Bryant filed an amended petition. This petition alleged appellees violated the Insurance Code's requirements that they investigate Bryant's claim reasonably, that they misrepresented the terms of the policy by asserting they did not have the burden of proof on whether Warlow was an uninsured driver, and that they violated the Prompt Payment Act by not paying the claim within five days of the judgment. Bryant served appellees with discovery consisting of requests for admissions, requests for production, requests for disclosure, and interrogatories. On January 26, 2017, appellees filed a motion for summary judgment on Bryant's extra-contractual claims. They also filed a motion for a protective order asking that the trial court protect them from having to answer Bryant's discovery demands until after the court ruled on the motion for summary judgment. Bryant filed a motion to compel appellees to respond to his discovery demands, and he moved for a continuance of the motion for summary judgment to conduct discovery. The trial court denied Bryant's motions and granted appellees' motion for summary judgment.

–3–

## SPECIAL EXCEPTIONS TO MOTION FOR SUMMARY JUDGMENT

In his second issue, Bryant asserts the trial court erred by denying his special exceptions to appellees' motion for summary judgment. Special exceptions to a summary judgment may be filed when the summary judgment grounds are unclear. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) (plurality opinion). "The purpose of special exceptions focused upon a summary judgment motion is to ensure the parties and the trial court are focused on the same grounds." *Stephens & Johnson Operating Co. v. Schroeder*, 04-14-00167-CV, 2015 WL 4760029, at *4 (Tex. App.—San Antonio Aug. 12, 2015, pet. denied). Grounds are sufficiently specific if they "expressly present[] to the trial court" the issue or argument that is the basis for the relief sought. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); TEX. R. APP. P. 33.1(a) (to preserve an issue for appellate review there must be a "timely request… that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context" and a trial court ruling or refusal to rule). We review a trial court's denial of special exceptions for an abuse of discretion. *Shelton v. Kalbow*, 489 S.W.3d 32, 54 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Absent a showing of injury, the trial court's ruling on special exceptions will not be disturbed. *Gause v. Gause*, 496 S.W.3d 913, 919 (Tex. App.—Austin 2016, no pet.).

Bryant brought eleven special exceptions. Only two of these, the first and eleventh special exceptions, assert vagueness or lack of clarity in the grounds for summary judgment. The

remaining nine go to the substance of the motion for summary judgment or the admissibility of the evidence in support of the motion.[1]  They are not proper special exceptions to the motion.

Appellees moved for summary judgment on the following grounds:

A. Plaintiff's claims for common law and statutory bad faith fail as a matter of law because Progressive did not breach the contract.

B. Alternatively, plaintiff's claims for common law and statutory bad faith fail as a matter of law because there are no genuine issues of material fact.

C. Plaintiff's misrepresentation claims fail because the statutory provisions do not apply to plaintiff's allegations.

D. Plaintiff's claims for prompt payment violations fail because such provisions do not apply to the litigation process or to the liability judgment, and Progressive complied with the earlier timelines.

After listing the grounds for summary judgment, appellees' motion for summary judgment presented extensive argument in support of the grounds.

In the first special exception, Bryant asserted, "Defendant [sic] has failed to clearly set forth the specific grounds upon which the Motion is sought."  Bryant then set forth the summary judgment standard that the motion must present the specific grounds for summary judgment and that the motion succeeds or fails on these grounds alone.  *See Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997).  The special exception did not explain how these grounds are vague

---

[1] The remaining "special exceptions" were:

The summary judgment issues are not readily susceptible to being contested or controverted;

the motion for summary judgment is based on allegations outside the pleadings;

the motion for summary judgment is based on legal conclusions, not competent summary judgement evidence;

Taylor Blackmon's affidavit is not based on personal knowledge;

Taylor Blackmon's affidavit is conclusory and unsupported by facts;

Taylor Blackmon's affidavit is a sham affidavit;

the motion for summary judgment relies on evidence not identified as an exhibit or incorporated by reference, the motion does not identify and authenticate the exhibits relied upon, and appellees did not state they intended to rely upon unfiled discovery;

appellees' use of the words "extreme conduct" attempts to impose a higher burden of proof on Bryant; and

the motion for summary judgment contains speculative comments about what a juror could have done in the UIM trial;

None of these "special exceptions" asserted the summary judgment grounds were unclear or otherwise asserted the grounds for the motion for summary judgment could not be responded to.  Even if these were appropriate special exceptions, Bryant has not presented any argument explaining how the trial court's denial of the special exceptions harmed him.  *See* TEX. R. APP. P. 44.1; *Gause*, 496 S.W.3d at 919.

or unclear. Accordingly, Bryant has not shown the trial court's denial of this special exception was an abuse of discretion. Likewise, on appeal, Bryant does not explain how the grounds failed to inform him of the basis on which appellees sought summary judgment or how the grounds caused him injury. Therefore, Bryant has not shown that any error in the denial of the first special exception was reversible error.

In the eleventh special exception, Bryant asserted appellees' summary judgment ground that there were no genuine issues of material fact "is not clear on what specific basis Defendants are moving for summary judgment." Bryant asserted that appellees' six pages of argument concerning this ground were "just a catch all of various conclusory and unsupported allegations Defendant [sic] wants to raise, but not actual summary judgment grounds that sound more like a no evidence motion than a traditional motion." He asserted this part of the motion made conclusory claims without evidence for fifteen legal and factual issues. We have reviewed the motion for summary judgment, and it is clear it is a traditional motion for summary judgment under rule 166a(c) and not a no-evidence motion under rule 166a(i). That Bryant lists the fifteen legal and factual assertions associated with the ground demonstrates he understood the ground. His argument in support of the special exception shows he believed the ground was not supported by adequate evidence, not that the ground was unclear. Thus, this was not a proper special exception. Moreover, Bryant has not shown how the trial court's denial of this special exception harmed him. *See* TEX. R. APP. P. 44.1; *Gause*, 496 S.W.3d at 919.

We conclude Bryant has not shown the trial court abused its discretion by denying the special exceptions or that the denial of the special exceptions constituted reversible error. We overrule Bryant's second issue.

**SUMMARY JUDGMENT EVIDENCE**

In his third issue, Bryant contends the trial court erred by overruling his objections to Taylor Blackmon's affidavit in support of appellees' motion for summary judgment. Blackmon was the claims agent for Progressive who handled Bryant's claim. We review the trial court's rulings on objections to summary judgment evidence for an abuse of discretion. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84–85 (Tex. 2018).

Bryant objected to Blackmon's affidavit as follows: "As is noted above, the affidavit is not based on personal knowledge and contains mere conclusions rather than facts." It appears the "noted above" statements to which Bryant referred was the "special exception" concerning Blackmon's affidavit. In "Special Exception No. 5," Bryant "objects to [Blackmon's affidavit] in that the Affidavit . . . is not based upon personal knowledge," and "a summary judgment affidavit must state that it is based on the affiant's personal knowledge and that the facts are true." On appeal, Bryant asserts the statements in the affidavit were not competent summary judgment evidence because the affidavit "fail[ed] to show how the affiant became familiar with the facts so as to testify as a witness."

Blackmon stated in the affidavit:

1.     "I am over eighteen (18) years of age, of sound mind, and fully competent to make this affidavit. The statements contained in this affidavit are true and correct, and are within my personal knowledge.

2.     "I am employed by [Progressive] as a Claim Representative. My responsibilities include handling Bodily Injury, Uninsured Motorist Bodily Injury and Underinsured Motorist Bodily Injury claims.

3.     "George Bryant's insurance claim with Progressive arises out of a motor vehicle accident that occurred on April 13 [sic], 2013, and is known as Claim No. 13-5216331. I was assigned to handle Mr. Bryant's Uninsured Motorist Bodily Injury claim.

4.     "As part of my duties, I reviewed Progressive's entire file for Claim No. 13-5216331 from its inception. I am familiar with the contents of the entire claim file.

Thus, in paragraph 1, Blackmon averred that the statements in the affidavit are true and that he has personal knowledge of the statements in the affidavit. Paragraph 2 provided the information regarding Blackmon's position at Progressive, and paragraphs 3 and 4 established the basis for his personal knowledge of the facts asserted in the affidavit—he reviewed the file for Bryant's claim as part of his duties as the Claim Representative assigned to handle Bryant's claim. Bryant does not explain why this information was not sufficient to establish Blackmon's personal knowledge of the statements in the affidavit.

Bryant objected in the trial court that the statements in the affidavit were "mere conclusions rather than facts." On appeal, Bryant asserts that conclusory statements are not competent summary judgment evidence. However, Bryant does not identify which statements in the eleven paragraphs of Blackmon's affidavit are conclusory. Bryant's objection at trial and his argument on appeal are not sufficiently specific for the trial court or this Court to determine whether any statements in the affidavit were inadmissible. *See Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet.); *Womco, Inc. v. Navistar Int'l Corp.*, 84 S.W.3d 272, 281 n.6 (Tex. App.—Tyler 2002, no pet.) (objection that paragraph in affidavit "contains unsubstantiated legal conclusions" was "itself conclusory" and not sufficiently specific).

We conclude Bryant has failed to show the trial court abused its discretion by overruling his objections to the affidavit. We overrule Bryant's third issue.

## MOTION FOR SUMMARY JUDGMENT

In his fourth issue, Bryant contends the trial court erred by denying his motion for summary judgment. In a traditional motion for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *In re Estate of*

*Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

Bryant's bad-faith claims fall into two categories: (1) failure to investigate reasonably and (2) misrepresentation. Bryant also brought a claim for violation of the Insurance Code's Prompt Payment Act.

**Reasonable Investigation**

Bryant alleged appellees failed to investigate reasonably and thereby violated common-law duties and section 541.060 of the Insurance Code by:

> failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

> failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

> failing within a reasonable time to affirm or deny coverage of a claim to a policy holder; and

> refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

The Insurance Code requires automobile insurers to offer Texas motorists UIM coverage. TEX. INS. CODE ANN. § 1952.101(b). A motorist is underinsured if the motorist's liability insurance is insufficient to pay for the injured party's actual damages. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 812 (Tex. 2006). The UIM insurer has the obligation of paying the damages the insured is "legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles . . . for bodily injury, sickness, disease, or death, or property damage." INS. § 1952.101(a). The supreme court has interpreted this language to mean

"the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard*, 216 S.W.3d at 818. To establish the liability of the uninsured motorist, "the insured must establish the uninsured motorist's fault and the extent of the resulting damages before becoming entitled to recover UIM benefits." *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 56 (Tex. App.—San Antonio 2002, pet. denied); *see Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 880 (5th Cir. 2004) (quoting *Wellisch*). "Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Brainard*, 216 S.W.3d at 818. "Thus, an insurer generally cannot be liable on bad faith claims arising from its denial or failure to investigate claims that it has no duty to pay." *In re Am. Nat'l Cty. Mut. Ins. Co.*, 384 S.W.3d 429, 438 (Tex. App.—Austin 2012, orig. proceeding); *see Weir v. Twin City Fire Ins. Co.*, 622 F. Supp. 2d 483, 486 (S.D. Tex. 2009) (UIM insurer cannot be in bad faith for failing to investigate or pay claim before trial "because it is the trial of the UIM claim, at which it will be determined who was at fault and the amount of damages, that constitutes the investigation"). When the trial court signs the judgment awarding an insured UIM benefits against the insurer, the insurer's duties of good faith to the insured end and "the only legal relationship between the parties following entry of judgment [is] that of judgment creditor and judgment debtor." *Mid-Century Ins. Co. of Tex. v. Boyte*, 80 S.W.3d 546, 548 (Tex. 2002) (per curiam) (quoting *Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 69 (Tex. 1997)).

Bryant alleged appellees breached their extra-contractual duties to him by making a pretrial offer to settle the case for less than the amount of his medical expenses and lost wages. However, as *Brainard* makes clear, appellees had no duty to make any payment on Bryant's claim until the judgment in the UIM case finding Warlow, the uninsured driver, caused Bryant's damages and the

amount of those damages. Therefore, the fact that appellees offered Bryant less than the amount of his medical expenses and lost wages did not breach any duties they owed to Bryant.

Bryant also argues appellees' pretrial offer to settle the UIM litigation for less than the amount of his medical expenses and lost wages was evidence of appellees' failure to make a reasonable investigation. We disagree. Appellees had no obligation to make any payment or settlement in this case before the trial court rendered judgment. Furthermore, appellees stated in their motion for summary judgment that they "cannot be guilty of not performing a proper investigation of Plaintiff's UM claim because the investigation of the UM was the trial at which it was determined who was at fault and the amount of damages." Bryant asserts this statement "is not supported by any legal authority." However, appellees cited *Weir*, which supports the statement: "it is the trial of the UIM claim . . . that constitutes the investigation." *Weir*, 622 F. Supp. 2d at 486. Because the trial was the investigation, appellees conclusively established they did not fail to conduct a reasonable investigation.

Bryant also argues appellees failed to make a prompt, fair, and equitable settlement of the claim to which their liability was reasonably clear. INS. § 541.060(a)(2)(A). Blackmon testified appellees never denied coverage, and Progressive affirmed coverage within a reasonable time by paying the full amount of Bryant's damages as found by the jury. In *Brainard*, the supreme court determined that an insurer's payment of a UIM claim within thirty days of the signing of the judgment was a prompt payment. *Brainard*, 216 S.W.3d at 815 (citing *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653–54 (Tex. 2000)). Progressive's liability on the UIM claim was not "reasonably clear" until the trial court signed the judgment on the claim. Progressive paid the full amount of the judgment plus accrued post-judgment interest, which was the full amount to which Bryant was entitled. Therefore, the evidence conclusively proved appellees made a prompt, fair, and equitable settlement of the claim after their liability became reasonably clear.

–11–

Bryant argues appellees' liability on the claim became clear before trial because appellees stipulated that the claim was covered under the insurance policy. At a hearing on the motion to quash some of Bryant's discovery requests, appellees' attorney stipulated "that the policy was in force, that the premiums were paid up, and that it covers this accident up to whatever the policy limits were for that." The attorney also stated he had no evidence that the other driver was insured. However, this did not establish the amount of Progressive's liability on the claim because there was no stipulation as to damages. Bryant's pretrial demand for medical expenses and lost wages before trial was over $35,000, yet at the trial, Bryant's attorney argued the damages for medical expenses and lost wages were about half that amount, $18,465.43. Furthermore, Bryant does not explain how any particular amount for physical pain and mental anguish became clear before trial. Bryant has not shown that Progressive's liability on the claim became clear before trial.

Concerning Bryant's allegation that appellees failed to provide Bryant with a reasonable explanation for denying the UIM claim or refusing an offer to compromise the claim, appellees presented evidence, Blackmon's affidavit. Blackmon testified that Progressive never denied Bryant's UIM claim. Blackmon also testified that Bryant rejected all of Progressive's offers to settle the case for less than the policy limit and that he demanded the full policy limit for UIM coverage. A compromise involves concessions by both sides. *See Vanasek v. Underkofler*, 50 S.W.3d 1, 14 n.45 (Tex. App.—Dallas 1999) ("A compromise and settlement is the conclusion of a claim through a contract in which the parties agree to mutual concessions to avoid resolving their controversy through litigation."), *rev'd in part on other grounds*, 53 S.W.3d 343 (Tex. 2001); *Compromise*, WEBSTER'S THIRD NEW INT'L DICTIONARY (1981) ("a settlement by arbitration or by consent reached by mutual concessions"). Bryant's demands for the policy limits were not concessions and therefore were not offers to compromise. Bryant did not present any evidence that appellees denied the claim or that he offered to compromise the claim. Thus, the evidence

conclusively establishes that Progressive never denied the claim and never refused an offer to compromise the claim.

Bryant argues the supreme court's opinion in *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018), rejects each of appellees' summary judgment grounds. In *Menchaca*, Menchaca's house was damaged by Hurricane Ike, and she contacted her insurer, USAA. *Id.* at 485. USAA's adjuster determined the home suffered damage covered by the policy, but not enough to exceed the deductible, and USAA denied the claim. *Id.* Menchaca sued USAA for breach of the policy and for unfair settlement practices under the Insurance Code. The only damages she sought were the policy benefits plus attorney's fees and court costs. *Id.* The jury found Menchaca failed to prove USAA breached the policy, but it also found USAA committed the statutory violation of refusing to pay a claim without conducting a reasonable investigation. *Id.* at 485–86. The jury determined Menchaca's damages were $11,350. *Id.* at 486. The trial court disregarded the jury's answer about breach of the policy and rendered judgment for Menchaca based on the jury's findings on the statutory violation and damages. *Id.* The court of appeals affirmed. *Id.* The supreme court used the case as "an opportunity to provide clarity regarding the relationship between claims for an insurance-policy breach and Insurance Code violations." *Id.* at 488. USAA argued that because the jury found the denial of the claim did not breach the policy, there could be no damages based on the policy benefits for statutory violations. The supreme court explained that as a general rule, "an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *Id.* at 490. That is because an insurer cannot act in bad faith by promptly denying a claim that is not covered. *Id.* The supreme court acknowledged there can be situations where a statutory violation can cause damages based on the policy benefits even though the policy did not provide the insured a right to receive those benefits:

–13–

An insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation caused the loss of the benefits. *Id.* at 495.

Even if the insured cannot establish a present contractual right to policy benefits, the insured can recover benefits as actual damages under the Insurance Code if the insurer's statutory violation caused the insured to lose that contractual right. *Id.* at 497.

If an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the insured a right to benefits. *Id.* at 499.

However, an insured cannot recover any damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits. *Id.* at 500. In *Menchaca*, the court concluded in a fractured opinion that the trial court erred by disregarding the jury's finding that the insurer did not breach the policy, and the supreme court remanded the case for a new trial.

Unlike *Menchaca*, this case does not involve the denial of benefits under the policy. Progressive promptly paid the full amount of the trial court's judgment that established the damages caused to Bryant by the uninsured driver. Bryant did not allege that any statutory violation by appellees caused him to lose policy benefits, to lose a contractual right to policy benefits he did not receive, or to suffer an injury independent of the loss of policy benefits. Therefore, to the extent *Menchaca* is applicable to this case, we apply the general rule and conclude Bryant is not entitled to additional benefits under the policy as damages for any statutory violation because he has no right to any benefits beyond the amounts found by the jury, which Progressive promptly paid.

We conclude Bryant has not shown the trial court erred by granting appellees' motion for summary judgment on Bryant's claims that appellees failed to conduct a reasonable investigation.

## Misrepresentation

Bryant alleged appellees violated sections 541.060 and .061 and 544.003 of the Insurance Code by:

1. misrepresenting to a claimant a material fact or policy provision relating to coverage at issue (§§ 541.060(a)(1); 541.061(1));

2. misrepresenting an insurance policy by failing to state a material fact necessary to make other statements not misleading (§ 541.061(2));

3. misrepresenting a policy by making a statement that would mislead a person to a false conclusion of a material fact (§ 541.061(3));

4. misrepresenting a policy by making a material misstatement of law (§ 541.061(4));

5. misrepresenting a policy by failing to disclose a matter required by law to be disclosed (§ 541.061(5)); and

6. misrepresenting to a claimant pertinent facts or policy provisions relating to the coverage at issue.[2]

In a discovery hearing on February 13, 2015, Progressive's attorney told the court, "I don't have any evidence that he [Warlow] [is] insured, and I'm just putting him [Bryant] to his burden." Bryant also presented evidence that during the proceeding on his no-evidence motion for summary judgment concerning Warlow's insurance status, appellees' lawyer sent a letter to the trial court stating,

> Since Plaintiff has the burden of proof to show that the other automobile involved in the collision was an uninsured motor vehicle, I cannot stipulate to it on behalf the Defendant; however, I again confirm that Defendant has no evidence to the contrary and will not be contesting that issue at the time of trial.

The policy and a statute provide that Progressive had the burden of proving Warlow's insurance status.[3] Five days after appellees' lawyer sent the letter, the trial court granted Bryant's no-

---

[2] Bryant alleged in his petition that this last prohibition is from section 544.003 of the Insurance Code. That statute contains exceptions to the prohibition against unfair discrimination in section 544.002. *See* INS. §§ 544.002, .003. Section 544.003 does not appear to prohibit misrepresentations of pertinent facts or policy provisions.

[3] The policy stated, "If we [Progressive] and an insured person do not agree as to whether a vehicle is actually uninsured or underinsured, the burden of proof as to that issue shall be on us." (Boldface omitted.) *See also* INS. § 1952.109 ("The insurer has the burden of proof in a dispute as to whether a motor vehicle is insured.").

evidence motion for summary judgment on Warlow's insurance status, which meant the court concluded that Progressive had the burden of proof. *See* TEX. R. CIV. P. 166a(i) (no-evidence summary judgment appropriate on issue nonmovant has burden of proving). Appellees asserted in their motion for summary judgment that the prohibitions against misrepresentations concerning a policy in sections 541.060 and .061 do not apply to in-court statements by a party's attorney and do not apply to representations to anyone other than the claimant of the policy benefits. Appellees also assert they proved as a matter of law that Bryant could have had no damages from the misrepresentation of the burden of proof.

The first and sixth of Bryant's allegations concern misrepresentations to a "claimant." Progressive's attorney's misrepresentation of the policy was to the trial court. The trial court was not a claimant, so the letter by Progressive's attorney and his argument to the trial court misrepresenting the burden of proof did not violate these provisions.

Appellees also argue their attorney's misrepresentation of the policy did not harm Bryant. Bryant alleged his damages were having to bring suit and to retain legal counsel. Bryant filed his suit in 2014, but the misrepresentations he alleged occurred in 2015 and 2016, after he had retained counsel and brought suit. Therefore, any statements appellees' counsel made to the trial court and Bryant's counsel during the litigation could not have caused Bryant to retain counsel and bring this suit.[4]

We conclude Bryant has not shown the trial court erred by granting appellees' motion for summary judgment on his misrepresentation claims.

---

[4] Appellees also asserted that sections 541.060 and .061's prohibitions on misrepresentations concerning the policy's provisions apply only to direct communications between the insurer and the insured and do not apply to communications between the attorneys or the attorneys and the trial court during litigation. Section 541.060 requires that an actionable misrepresentation be made to a "claimant," but section 541.061 contains no such express restriction. *Compare* INS. § 541.060(a)(1) *with id.* § 541.061. Appellees' argue there is no reason for section 541.061 to apply to misrepresentations during litigation when both sides are represented by counsel because in that situation there is no "disparity of bargaining power inherent in the insurer-insured relationship as exemplified by the exclusive control that the insurer exercises over the processing of claims," quoting *Stewart Title Guaranty Co. v. Aiello*, 941 S.W.2d 68, 71 (Tex. 1997). *Stewart Title* concerned the existence of a duty of good faith and fair dealing on an insurer to its insured in investigating claims and making timely payment on covered losses. *Id.* The case did not concern interpretation of a statutory prohibition on misrepresenting a policy. Because we have concluded appellees' have proved Bryant had no damages from the misrepresentation, we do not reach the question of whether section 541.061 applies to the policy misrepresentation in this case.

**Prompt Payment of Claims Act Violation**

Bryant argues the trial court erred by granting appellees' motion for summary judgment on his claim that Progressive violated sections 542.055 and .057 of the Prompt Payment of Claims Act. *See* INS. §§ 542.051–.061.

Bryant asserted Progressive violated section 542.055 by not timely acknowledging receipt of the claim, commencing investigation of the claim, and requesting all necessary items, statements, and forms from Bryant. Section 542.055(a) provides:

> (a) Not later than the 15th day . . . after the date an insurer receives notice of a claim, the insurer shall:
>
> > (1) acknowledge receipt of the claim;
> >
> > (2) commence any investigation of the claim; and
> >
> > (3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant.

INS. § 542.055(a). The record shows Bryant notified Progressive of the accident on the day it occurred, April 14, 2013. Progressive sent a letter to Bryant's attorney on April 24, 2013, ten days after the notification of the claim, acknowledging receipt of the claim and requesting specific information. The letter also marked the commencement of the investigation. Thus, Progressive proved conclusively that it complied with section 542.055.

Bryant argues there is some evidence showing Progressive violated section 542.057 by failing to pay his claim within five days of the trial court's signing the judgment. Section 542.057 provides, "Except as otherwise provided by this section, if an insurer notifies a claimant under Section 542.056 that the insurer will pay a claim or part of a claim, the insurer shall pay the claim not later than the fifth business day after the date notice is made." *Id.* § 542.057(a). Progressive paid the claim twenty-four days after the trial court signed the judgment. This Court has held the deadlines in the Prompt Payment of Claims Act for the payment of claims do not apply to the litigation process for UIM claims. *See DeLagarza v. State Farm Mut. Auto. Ins. Co.*, 175 S.W.3d

29, 33 (Tex. App.—Dallas), *supplemental opinion on reh'g*, 181 S.W.3d 755 (Tex. App.—Dallas 2005, pet. denied). We conclude the trial court did not err by granting Progressive's motion for summary judgment on this claim.

Bryant has not demonstrated on appeal that the trial court erred by granting appellees' motion for summary judgment. We overrule Bryant's fourth issue.

## MOTIONS CONCERNING DISCOVERY AND FOR CONTINUANCE

In his first issue, Bryant contends the trial court erred by denying his motion to compel discovery and his motion for continuance and by granting appellees' motion for protection from his discovery demands. Bryant argues these orders prevented him from conducting discovery necessary to address issues raised in appellees' motion for summary judgment. We review the trial court's rulings on these motions for an abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (motion for continuance); *Dillard Dept. Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (per curiam) (motion to compel discovery); *Killingsworth v. Hous. Auth. of City of Dallas*, 447 S.W.3d 480, 496 (Tex. App.—Dallas 2014, pet. denied) (protection from discovery). "A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Joe*, 145 S.W.3d at 161.

### Discovery

Bryant served Progressive and Winkler each with requests for admission (87 to Winkler and 93 to Progressive) and interrogatories (17 to Winkler and 19 to Progressive), and he also served them jointly with a request for disclosure (all information under rule 194.2) and a request for production (33 items). Appellees filed a motion for protection from these discovery requests.

Appellees objected that the discovery was not relevant to this case, using many of the arguments presented in their motion for summary judgment or because the discovery was relevant

only to the underlying UIM lawsuit. Appellees also objected that some of the discovery requests were overly burdensome, were unclear, or required disclosure of appellees' trade secrets and proprietary information. Bryant responded by filing a motion to compel appellees to answer the discovery. The trial court denied Bryant's motion to compel and granted appellees' motion for protection.

As discussed above, Bryant's extra-contractual claims fail because appellants did not breach the insurance policy and Bryant did not plead any injury independent of the policy benefits. Nor did he plead that appellees' bad-faith acts prevented him from recovering policy benefits to which he would otherwise have been entitled. Also, because the underlying claim was pursuant to a UIM policy, appellants had no duty to investigate the claim outside the underlying lawsuit that established Warlow's uninsured status and liability and the amount of Bryant's damages. Progressive had no duty to pay or offer to settle the claim until the trial court signed the judgment in the underlying lawsuit establishing the amount of Bryant's damages and Progressive's liability under the UIM policy. The evidence conclusively established Progressive paid this amount promptly, and we have concluded the Prompt Payment of Claims Act did not apply to Progressive's payment after the judgment in the underlying case. And, Bryant had no damages from appellees' attorney's misrepresentation of the burden of proof. In light of these holdings, none of the discovery Bryant sought in the requests for production and admissions and the interrogatories was relevant to any of the issues in the motion for summary judgment.

The discovery Bryant sought in his request for disclosure, the information under rule 194.2, was all information either that Bryant had from the underlying UIM trial (the parties' names and addresses), from the pleadings and motions in this case (appellee's legal theories and witness statements), or that was not relevant to the motion for summary judgment (damages calculations,

–19–

expert-witness information, insurance, settlements, and responsible third parties). *See* TEX. R. CIV. P. 194.2

Also, Bryant does not challenge on appeal appellees' assertions in their motion for protective order that one of the requests for production was overly burdensome, eighteen interrogatories and seven requests for production were overly burdensome and too vague, and twenty-one interrogatories and ten requests for production sought information involving Progressive's trade secrets or proprietary and confidential information. When a trial court issues an adverse ruling without specifying its reasons for doing so, the appellant must challenge each independent ground asserted by the appellee supporting the adverse ruling because it is presumed that the trial court considered all of the asserted grounds. *See Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.) ("If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment."); *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740–41 (Tex. App.–Dallas 2007, no pet.) ("When a separate and independent ground that supports a ruling is not challenged on appeal, we must affirm the lower court's ruling."). Because Bryant does not challenge the trial court's rulings on these grounds, he has not shown the trial court abused its discretion by granting appellees' motion for protection from discovery and denying his motion to compel concerning these discovery requests.

We conclude Bryant has not shown the trial court abused its discretion in the discovery orders.

**Continuance**

Bryant argues the trial court abused its discretion by denying his motion for continuance because a continuance was necessary for him to conduct the discovery he requested from appellees. We have concluded the trial court did not abuse its discretion by denying Bryant's motion to compel appellees to answer the discovery. Therefore, the trial court did not abuse its discretion by denying Bryant's motion for a continuance to conduct the discovery.

We overrule Bryant's first issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

171023F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GEORGE BRYANT, Appellant

No. 05-17-01023-CV      V.

PROGRESSIVE COUNTY MUTUAL
INSURANCE COMPANY AND
KRISTEN WINKLER, Appellees

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-16-01385-E.
Opinion delivered by Justice Myers.
Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees PROGRESSIVE COUNTY MUTUAL INSURANCE
COMPANY AND KRISTEN WINKLER recover their costs of this appeal from appellant
GEORGE BRYANT.

Judgment entered this 12th day of December, 2018.